UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY ALBERT NICHOLS, JR., #734845,

        Petitioner,

v.

        CASE NO. 2:24-CV-10543
        HON. NANCY G. EDMUNDS

JOHN DAVIS,

        Respondent.
_____/

**<u>OPINION & ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

**I.   INTRODUCTION**

Michigan prisoner Danny Albert Nichols ("Petitioner"), confined at the Ionia Correctional Facility in Ionia, Michigan, has filed a pro se petition for a writ of habeas corpus challenging his assault of a prison employee conviction which was imposed pursuant to a plea in the Livingston County Circuit Court. He was sentenced, as a fourth habitual offender, to 2½ years to 10 years in prison on that conviction in 2018.[1]  *See* Offender Profile, Michigan

---

[1] Petitioner is also serving sentences for a second-degree criminal sexual assault conviction and three other assault of a prison employee convictions. *Id.*

Department of Corrections' Offender Tracking Information System ("OTIS"), mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=0734845. In his habeas petition, he raises claims concerning his competency and the effectiveness of defense counsel.  Pet., ECF No. 1, PageID.5, 7.

Having reviewed the matter, and for the reasons stated herein, the Court concludes that the habeas petition is untimely and must be dismissed. The Court also concludes that a certificate of appealability and leave to proceed in forma pauperis on appeal must be denied.

## II. PROCEDURAL HISTORY

Petitioner states that he was assigned appellate counsel, but did not "go through" with an appeal.  Pet., ECF No. 1, PageID.2.  He also states that he filed a motion for relief from judgment with the state trial court, which was denied in 2018, *id*. at PageID.3, and that he filed an appeal with the Michigan Court of Appeals, which was denied in 2019.  *Id*. at PageID.7-8. He does not indicate that he pursued further review in the state courts.

Petitioner indicates that he signed his federal habeas petition on March 5, 2024 and placed it in the prison mailing system on March 6, 2024, *id*. at PageID.15, but his mailing envelope is postmarked February 23, 2024, Env., ECF No. 1, PageID.16.  The Court filed the petition on March 4, 2024.

On March 16, 2024, the Court issued an order requiring Petitioner to show cause within 45 days why his habeas petition should not be dismissed for failure to comply with the one-year statute of limitations applicable to federal habeas actions. ECF No. 6. Petitioner has not filed a reply to the Court's order.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was

> initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the prescribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

A preliminary question in this case is whether Petitioner has complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider sua sponte, the timeliness of a state prisoner's federal habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

The dates of Petitioner's post-judgment state court filings and their resulting decisions are unclear. Nonetheless, Petitioner indicates that the last state court decision involving the challenged conviction was issued in 2019. Even if Petitioner had a full year from that time to file a federal habeas

4

petition, he did not do so. Rather, he submitted the instant habeas petition to prison officials for mailing in February or March, 2024 – long after the one-year limitations period had expired.

Petitioner does not allege that his habeas claims are based upon newly discovered evidence or newly enacted, retroactively applicable law, nor does he allege that the State created an impediment to the filing of his habeas case. His habeas petition is therefore untimely under 28 U.S.C. § 2244(d) and is subject to dismissal.

The United States Supreme Court has confirmed that the one year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson,* 624 F.3d 781, 783-784 (6th Cir. 2010). A petitioner has the burden of demonstrating that entitlement to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applies only when a litigant's failure to meet a legally

5

mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). The doctrine of equitable tolling is applied "sparingly." *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 851 (6th Cir. 2017); see also *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

Petitioner neither alleges nor establishes facts which show that he is entitled to equitable tolling of the one-year period. The fact that he may have a limited education, is untrained in the law, is (or was) proceeding without a lawyer, and/or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (pro se status is not an extraordinary circumstance); *Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of legal assistance does not justify tolling).

A habeas petitioner's mental incompetence may constitute an

6

extraordinary circumstance which justifies equitable tolling of the one-year period, but only if that condition prevents the timely filing of a habeas petition. *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). In other words, to be entitled to equitable tolling on such a basis, a habeas petitioner must show that he or she was mentally incompetent and that the mental impairment was the cause for the late filing. *Id*.; *Robertson*, 624 F.3d at 785; *see also Plummer v. Warren*, 463 F. App'x 501, 506 (6th Cir. 2012) ("Illness—mental or physical—tolls a statute of limitations only if it actually prevents the sufferer from pursuing his [or her] legal rights during the limitations period."). A mental impairment also "might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance." *Stiltner v. Hart*, 657 F. App'x 513, 521 (6th Cir. 2016) (quoting *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010)).

Petitioner makes no such showing. While he may have mental health issues, he fails to allege facts which demonstrate that such issues were constant or debilitating during the one-year limitations period (or since that time). Merely stating that he is mentally ill is not enough to warrant tolling. *See Watkins*, 854 F.3d at 852 ("mental illness is not the same as mental

incompetence"). Petitioner fails to establish that he is (or was) mentally incompetent or that his mental health impaired his ability to pursue habeas relief on his own behalf, or with assistance, during the one-year period.

Petitioner also fails to demonstrate that he acted diligently to protect his rights given that his state court proceedings appear to have concluded in 2019 and he did not file his federal habeas petition until 2024. Given such circumstances, he is not entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Souter v. Jones*, 395 F.3d 577, 588-590 (6th Cir. 2005). To support a claim of actual innocence, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-539 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical

8

evidence that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit has stated that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

Petitioner makes no such showing. He presents no new reliable evidence of his actual, factual innocence on federal habeas review. He thus fails to establish that he is entitled to equitable tolling of the one-year period on such a basis. His habeas petition is untimely and must be dismissed.

## IV. CONCLUSION

Based upon the foregoing discussion, the Court concludes that Petitioner failed to file his habeas petition within the one-year statute of limitations applicable to federal habeas actions and that he is not entitled to statutory or equitable tolling of the one-year period. Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if the petitioner makes "a substantial showing of

9

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if the petitioner demonstrates that reasonable jurists would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that reasonable jurists would debate whether the court's procedural ruling was correct. *Id*. Reasonable jurists could not debate the correctness of the Court's procedural ruling in this case. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**

/s/Nancy G. Edmunds
NANCY G. EDMUNDS
United States District Judge

Dated: May 13, 2024

10